IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | Case No. 4:23-CR-63 |
| | § | Judge Mazzant |
| MARK EXPOSITO | § | |

# FACTUAL BASIS

Defendant **Mark Exposito** (“**Exposito**”) stipulates and agrees that the following facts are true and correct at all times material to the Information, and that they may be relied upon by the Government, the United States Probation Office, and by the Court while considering **Exposito’s** guilty plea to the offense in this case, the application of the United States Sentencing Guidelines, and the sentence to be handed down in this case:

1. I am the same **Mark Exposito** (“**Exposito**”) named in the Information in this case.

2. The events described within the Information occurred in the Eastern District of Texas and elsewhere.

3. Beginning in or around April 2016, and continuing thereafter up until in or around December of 2018, in the Eastern District of Texas and elsewhere, **Mark Exposito,** defendant, did intentionally, knowingly, and willfully combine, conspire, and agree with other persons (hereinafter "co-conspirators") to commit the crime of wire fraud in violation of 18 U.S.C. § 1343, as charged in the Information, and **Exposito** knew the unlawful purpose of the agreement and joined in it willfully, that is, with the

intent to further the unlawful purpose; and at least one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the Information, in order to accomplish some object or purpose of the conspiracy, in violation of 18 U.S.C. § 371.

4. It was the general purpose of the conspiracy for the defendant and his co-conspirators to defraud their employer Fenton Motor Group ("FMG") and to obtain money from FMG and related business entities by means of false and fraudulent pretenses, representations, and promises. FMG was a corporation headquartered in Frisco, Texas, functioning as a management company that oversaw the operation of car dealerships in multiple states.

5. The manner and means by which the defendant and his co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

a. **Exposito** and one or more other co-conspirators, using a variety of means, and employing false and misleading promises, statements, and representations, obtained money and property from accounts belonging to FMG and related entities without their consent, and moved that money to bank accounts held and controlled by **Exposito** and others. **Exposito,** along with others, endeavored to conceal the nature and source of these funds, but in the end, **Exposito** and others enriched themselves with money and property obtained from FMG and related entities

during the course of the scheme to defraud, which they used to unlawfully pay off personal credit card purchases and purchase real estate, vehicles, jewelry, designer clothing, all for personal purposes, and to pay for travel.

6. In furtherance of the conspiracy and to achieve its object and purpose, the following acts, among others, were committed in the Eastern District of Texas and elsewhere:

a. One or more co-conspirators used ACH money transfers from FMG and related entities' bank accounts, having created a multifactor authentication account by deceptive means, and by using this system created the illusion that ACH transfers had been vetted and approved by another FMG employee.

b. One or more co-conspirators transferred money from FMG's and relate entities' financial accounts without consent or knowledge of FMG or the other entities, to bank accounts controlled by **Exposito** and a co-conspirator.

c. **Exposito** opened American Express ("AMEX") business credit cards using the names of his employer and Circle E Ranch (the "Circle E AMEX"), which were then used by **Exposito** and others with his knowledge and consent to pay personal and business expenses. Circle E Ranch was a business entity created and controlled by **Exposito**.

**Exposito** caused AMEX credit card bills to be sent to his personal residence, thereby concealing the existence and use of these accounts.

d. **Exposito** and others would fraudulently transfer FMG's and related entities' funds to **Exposito**'s personal Wells Fargo bank account via interstate ACH wire transfers. **Exposito** would then use that money to pay the AMEX bills, including amounts that **Exposito** and others incurred as personal expenses. The personal AMEX charges were spent on jewelry, designer clothing, high-end goods and services, personal driving services, first class international airline tickets, and miscellaneous personal expenses. **Exposito** also used the AMEX account for expenses benefitting a business that he controlled (Circle E), which **Exposito** then paid off using fraudulently obtained funds.

e. Certain members of the conspiracy used their trusted position within the organization of FMG and related entities to disguise and conceal the true nature of the transactions within the books and records of the FMG and its related entities, by recording false descriptions of the transactions in the employer's business records.

f. In order to further conceal their fraudulent activities, **Exposito** and others acting in combination and conspiracy with him made false representations and statements to further their scheme and to avoid detection of their fraud, including assertions that **Exposito** wanted to

and would purchase the car dealerships, instructing others to bypass the company owner with concerns, and concealing the nature of their actions from the owner of FMG.

g. Throughout the course of the conspiracy, Exposito and other co-conspirators obtained proceeds of the offense in the total sum of at least $7,843,321.

7. **Exposito** hereby agrees and stipulates that the proceeds he personally received from the scheme total $5,139,933.00. **Exposito** agrees that the property specifically named in the Information was derived, in whole or in part, with the proceeds he received from the scheme and that his interest in said property is forfeitable to the United States. **Exposito** used proceeds of the offense to purchase or obtain the following property, and the property listed below constitutes proceeds of the offense charged in the Information:

a. 24955 N. Sage Haven Drive, Paulden, AZ (Yavapai County Parcel 305-01-008).

b. N. Calico Lane, (2.2 Acres) Paulden, AZ (Yavapai County Parcel 305-01-012A).

c. E. Cougar Ridge Road, (8 Acres) Paulden, AZ (Yavapai County Parcel 305-01-007K).

d. 24975 N. Calico Lane, Paulden, AZ (Yavapai County Parcel 305-01-003K).

e. N. Sage Haven (N. Camino Del Reino), Paulden, AZ (Yavapai County Parcel 305- 01-002Q).

f. Tiffany platinum band with a full circle of round brilliant diamonds, 3.9 mm wide, and a 1.80 carat total weight.

g. a Tiffany diamond ring with 2.34 carat Cut Cornered Rectangular VVS2 stone.

8. **Exposito** stipulates and agrees that he and his co-conspirators caused victims to suffer financial losses of at least $7,843,321. **Exposito** agrees that the Court shall order restitution of at least this amount to the victims of his and his co-conspirators' conduct.

9. **Exposito** hereby stipulates that the facts described above are true and correct and **Exposito** accepts them as the uncontroverted facts of this case.

Defendant's Signature and Acknowledgment:

I have read this Factual Basis and have discussed it with my attorney. I fully understand the contents of this Factual Basis and agree without reservation that the facts described above are true and correct and I accept them as the uncontroverted facts of this case.

Dated: 7/29/25 [signature]

MARK EXPOSITO
DEFENDANT

Defendant's Counsel's Signature and Acknowledgment:

I have read this Factual Basis and the separate Plea Agreement and Plea Addendum in this matter and have reviewed them with my client. Based upon my discussions with my client, I am satisfied that he understands the terms and effects of

the Factual Basis and the Plea Agreement and Plea Addendum, and that he is signing this Factual Basis voluntarily.

Dated: 7/31/25

Scott H Palmer
Scott H. Palmer, PC
15455 Dallas Parkway, Suite 540, LB36
Addison, TX 75001
214/987-4100
Email: scott@palmerperlstein.com
ATTORNEY FOR DEFENDANT